IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

EARL D. JOHNSON, JR.,                   *
#252-782, 335-615

    Petitioner,                           *

v.                                                 Case No.: GJH-16-873
                                                 *
RICHARD DOVEY, Warden, and
THE ATTORNEY GENERAL OF
THE STATE OF MARYLAND
                                                 *
    Respondents.
                                                 *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM OPINION**

This matter is before the Court upon self-represented Petitioner Earl D. Johnson Jr.'s ("Johnson") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction for armed robbery in the Circuit Court of Maryland for Prince George's County. ECF No. 1. Respondents filed an Answer seeking dismissal of Johnson's claims as not cognizable on federal habeas corpus review and alternatively, because Johnson did not exhaust available state remedies. ECF No. 6. Johnson has filed a Reply, and self-styled "Motion to Vacate for Not Responding to Show Cause Order." ECF No. 8. Johnson's "Motion to Vacate for Not Responding to Show Cause Order" is without merit as Respondents filed an Answer to the Petition, and the Motion, ECF No. 8, will be denied as moot.

The Court finds no need for an evidentiary hearing. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons to follow, the Petition will be denied and dismissed.

I.    BACKGROUND

Johnson was convicted by a jury sitting in the Circuit Court for Prince George's County of robbery with a dangerous weapon, robbery, theft over $500, wearing or carrying a dangerous weapon openly with intent to injure, conspiracy to commit robbery with a dangerous weapon, and second-degree assault in connection with the robbery of a Burger King in Lanham, Maryland. ECF No. 6-3 at 2-3; *see also* ECF No. 6-1.[1] On August 27, 2010, Johnson was sentenced to a total of 25 years of imprisonment without parole. ECF No. 6-1 at 11. The Court of Special Appeals delineated the issues on appeal as follows:

1) Whether the court erred in denying his pretrial motion to dismiss based on alleged violations of Maryland Rule 4-271 (the "*Hicks*" rule);[2]

2) Whether the court abused its discretion in sustaining the State's objections to Johnson's proffered out-of-court statements of two witnesses during Johnson's examination of the lead detective;

3) Whether the court erred in allowing Turner's counsel to elicit improper "other crimes" evidence with respect to Johnson;

4) Whether the court abused its discretion in refusing Turner's request to limit the flight and concealment of evidence jury instructions to Johnson;

5) Whether the court erred in denying Turner's motion to suppress the pretrial "show-up" identifications of him by two witnesses; and

6) Whether the evidence was sufficient to support Turner's conviction for conspiracy to commit robbery.

ECF No. 6-3 at 2-3.

On January 18, 2012, the Court of Special Appeals affirmed Johnson's judgment of conviction. ECF No. 6-3. Johnson then filed a petition for a writ of certiorari in the Court of Appeals of Maryland to review whether the evidence was sufficient to sustain his convictions.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[2] *See Hicks v. State*, 285 Md. 310 (1979).

ECF No. 6-4. On April 23, 2012, the Court of Appeals denied review. *Id.* at 5. Johnson did not seek review in the Supreme Court of the United States, and therefore his convictions became final for direct appeal purposes on July 22, 2012. ECF No. 6 at 3.

Johnson also filed a Petition for Post-Conviction relief for ineffective assistance of counsel in the Circuit Court for Prince George's County on February 6, 2012. ECF No. 6-1 at 13. The petition alleged:

1) appellate counsel failed to argue effectively that the trial court erred in denying his motion to dismiss based on Maryland Rule 4-271 (the "Hicks" rule); and
2) trial counsel erred by failing to object to the State's closing argument.

ECF No. 6-5 at 2-3.

The Circuit Court held a hearing on the Petition on April 2, 2014, and denied relief on June 26, 2014. ECF No. 6-1 at 14-15. Johnson subsequently filed an Application for Leave to Appeal the decision denying post-conviction relief, raising the following claims: 1) violation of his right to a speedy trial under state law; and 2) trial counsel's failure to object to the State's closing argument. ECF No. 6-6. The Court of Special Appeals of Maryland denied Johnson's application for leave to appeal on September 26, 2016. ECF No. 12-1 at 2.

Johnson claims for the first time that he is entitled to federal habeas corpus relief because three witnesses, Burger King employees Lucia Peral, Mirna Castros, and Detective Saul Serpas, committed perjury at trial.[3] ECF No. 1 at 6.

## II.   DISCUSSION

Respondents seek dismissal of the Petition, arguing that the claim of perjury does not constitute a cognizable basis for federal habeas corpus relief. ECF No. 6 at 5. Respondents also

---

[3] At trial, Lucia Peral and Mirna Castros, who were Burger King employees, identified Johnson as the robber. ECF Nos. 6-2 & 6-3. Castros testified Johnson pointed a gun at employees during the robbery. ECF No. 6-3 at 8-18. Detective Saul Serpas investigated the robbery and also testified at trial. *Id.* at 12, 15-16, 26.

3

assert that even if the Petition is construed as raising a cognizable claim, the claims are unexhausted. *Id.* at 6-10.

The federal habeas corpus statute authorizes district courts to entertain petitions for habeas corpus relief for persons who demonstrate that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Absent violation of a Federal constitutional right, a habeas petitioner fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Spencer v. Murray*, 18 F.3d 237, 239-40 (4th Cir. 1994) (where petitioner complained about the admissibility of evidence, without citing any constitutional provision or mentioning any constitutional right that was infringed, no Federal claim was stated).

None of Johnson's allegations concerning witness testimony amounts to an abridgement of constitutional or federal law. Notably, Johnson does not state in his opposition that his perjury claims are cognizable, nor does he offer argument to refute Respondents' assertions in this regard. A petition under Section 2254 "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground [.]" Rule 2(c), Rules Governing Section 2254 Cases. "'[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" *Bullard v. Chavis*, No. 96–7614, 153 F.3d 719 (table), 1998 WL 480727, at *2 (4th

Cir. Aug. 6, 1998) (unpublished) (quoting *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)) *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (explaining that, compared to Federal Rule of Civil Procedure 8(a), "Habeas Corpus Rule 2(c) is more demanding"); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements....").

When evaluating a pro se petition, the Court assumes Petitioner's allegations are true. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). Liberal construction of self-represented pleadings does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). A district court may not "rewrite a petition to include claims that were never presented." *See Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999)(internal citation omitted). Because the perjury claim does not implicate a cognizable claim for federal habeas corpus relief, the petition will be dismissed.

Further, the perjury claim is unexhausted. A habeas petitioner must exhaust available state remedies before seeking relief in federal court. *See Cone v. Bell*, 556 U.S. 449, 465 (2009); *see also* 28 U.S.C. § 2254(b)(1). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)-(c). Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Bassett v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990).

To exhaust a claim a petitioner must "'do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely: the federal question must be plainly defined. Oblique references which hint that a

theory may be lurking in the woodwork will not turn the trick.'" *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., §§12-201,12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Williams v. State*, 292 Md. 201, 209-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. *Anthony v. Schuppel*, 86 F. Supp. 2d 531, 536 (D. Md. 2000)(citing *Williams*, 292 Md. at 213).

Under Maryland law, Johnson was entitled to direct review of his judgment of conviction by the Court of Special Appeals of Maryland as a matter of right and to further review by the

Court of Appeals of Maryland in that court's discretion. *See* Md. Code Ann., Cts. & Jud. Proc. Art., §§ 12-201, 12-202, 12-203, 12-301, 12-302, 12-307, & 12-308 (2012). Johnson also was entitled to collaterally attack his convictions pursuant to the provisions of Maryland's Uniform Post Conviction Procedure Act. *See* Md. Code Ann., Crim. Pro. Art., §§ 7-101 *et seq*. (2008).

The record clearly shows that Johnson did not present his claim of witness perjury before the state courts.[4] Indeed, it does not appear his claims of perjury were raised at any time prior to the filing of this Petition. Accordingly, even if this claim were cognizable on federal habeas review, which it is not, it would be dismissed as unexhausted.

There is no cause to issue a Certificate of Appealability which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court rejects a prisoner's claims "on procedural grounds without reaching the prisoner's underlying constitutional claim," the prisoner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a Certificate of Appealability will not issue. *See* 28 U.S.C. § 2253(c)(2).

---

[4] As such, this claim may also be considered procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. at 848 ("To ... 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts.")(internal citation omitted)(alteration in the original).

## III.     CONCLUSION

For the reasons stated herein, the Petition will be denied and dismissed. A separate Order reflecting this Memorandum Opinion follows.

Date: December 30, 2016

George J. Hazel
United States District Judge